IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS

| | |
|---|---|
| NICOLETTE WILLIAMS, | § § § |
| Plaintiff, | § Civil Action No. 3:15-cv-03495-M § |
| v. | § § |
| CREDIT ONE BANK, | § **Jury Trial Demanded** § |
| Defendant. | § § § |

## FIRST AMENDED COMPLAINT

NICOLETTE WILLIAMS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.* ("TCPA,").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Texas; therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Dallas, Texas, 75227.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located 585 Pilot Road, Las Vegas, NV 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

11. Beginning on August 12, 2015 and continuing through September 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

12. Defendant called Plaintiff from numbers including, but not limited to, (863) 784-3159.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages. On some occasions when Plaintiff answered Defendant's calls, she was greeted by a computerized voice, stating "Please hold to speak to a representative."

14. Defendant's automated messages identified its company name as the caller.

15. Defendant's telephone calls were not made for "emergency purposes."

16. On August 20, 2015, Plaintiff revoked consent for Defendant to place any calls to her cellular telephone.

17. Since the revocation of consent, Defendant has placed at least eighty (80) calls to her cellular telephone.

18. Plaintiff has been receiving between two (2) to six (6) calls per hour from Defendant.

19. Plaintiff has suffered anxiety and stress from Defendant's repeated telephone calls, even after revocation of her express consent.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff after August 2015 were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, NICOLETTE WILLIAMS, respectfully prays for judgment as follows:

      a.     All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

      b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

      c.     Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

      e.     Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NICOLETTE WILLIAMS, demands a jury trial in this case.

Respectfully submitted,

Dated: December 30, 2015      /s/ Amy L. Bennecoff Ginsburg  
      Amy L. Bennecoff Ginsburg  
      Kimmel & Silverman, P.C.  
      30 East Butler Pike  
      Ambler, Pennsylvania 19002  
      Phone: (215) 540-8888  
      Facsimile: (877) 788-2864  
      Email: aginsburg@creditlaw.com

PLAINTIFF'S FIRST AMENDED COMPLAINT